**SO ORDERED.**

**SIGNED this 08 day of November, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

SHAWNTA LANETTE SMITH,                CASE NO. 08-07636-8-JRL
                                      CHAPTER 13
    DEBTOR.

### ORDER

This matter came before the Court on the debtor's objection to the proof of claim filed by Vericrest Financial. A hearing was held on November 7, 2012, in Raleigh, North Carolina.

The debtor filed for relief under chapter 13 of the Bankruptcy Code on October 31, 2008. Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust - 2002-1 by Vericrest Financial, Inc., ("BONYM") holds an adjustable rate note executed by the debtor that is secured by a deed of trust. Vericrest Financial is the servicing agent for BONYM. On May 29, 2012, Vericrest Financial filed a notice of post-petition mortgage fees, expenses, and charges. The debtor objected to the proof of claim because the fees, expenses, and charges were incurred after the filing of the petition and were not approved by the court.

Under North Carolina law, any fee that is incurred by a servicer must be "assessed within 45 days of the date on which the fee was incurred," and be explained clearly and conspicuously

in a statement mailed to the borrower's last known address within 30 days after assessing the fee. N.C. Gen. Stat. § 45-91.  Non-compliance with these statutory requirements waives these fees. N.C. Gen. Stat. § 45-91(3);  In re Saeed, No. 10-10303, 2010 WL 3745641, at *3 (Bankr. M.D.N.C. Sept. 17, 2010).  These statutory requirements apply regardless of whether the borrower is in bankruptcy, and a bankruptcy court will disallow a claim for fees if a servicer fails to comply with these statutory requirements.  Id. See Saeed, 2010 WL 3745641, at *3; In re Hillmon, Bankr. No. 11-80303, at *3 (Bankr. M.D.N.C. Oct. 26, 2011) (sustaining debtor's objection to creditor's claim for prepetition attorney fees and costs due to noncompliance with statutory requirements).  Furthermore, the filing of a proof of claim with a bankruptcy court does not satisfy the requirements of N.C. Gen. Stat.  § 45-91(1).  *See id.*

It is undisputed that Vericrest Financial is a "servicer" of a "home loan" for the purposes of N.C. Gen. Stat. § 45-90(1), and is therefore subject to the notice requirements of N.C. Gen. Stat. § 45-90.  Although Vericrest Financial filed a notice of post-petition mortgage fees, expenses, and charges, this is independently insufficient to satisfy the requirements of N.C. Gen. Stat. § 45-90(1).  Vericrest Financial provides no evidence that documentation was given to the debtor regarding the fees claimed.  The court finds Vericrest Financial failed to satisfy the requirements of N.C. Gen. Stat. § 45-90(1), and therefore waives any claim to mortgage fees, expenses, and charges.

The objection to the proof of claim filed by Vericrest Financial is **SUSTAINED.**  The claim is **DISALLOWED** in its entirety.

### END OF DOCUMENT